IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v. No. 4:26-CR-00051-P

JOSHUA ROBERT LINK (02)
ROYANA JANE THOMAS (05)
JASON ALLEN LINK (06)

# AGREED PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's order, the government submits the attached Agreed Charge with objections and requests noted in bold with footnotes. Unless otherwise noted, all instructions are drawn from the 2024 Fifth Circuit Pattern Jury Instructions. The parties may respectfully request leave of the Court to submit supplemental jury instructions as necessary to conform to the evidence at trial.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ Mark McDonald*
MARK MCDONALD
Assistant United States Attorney
Virgina State Bar No. 72198
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Tel: 817-252-5200
Email: mark.mcdonald3@usdoj.gov

## Certificate of Conference

I certify that on October 28, 2026, I drafted this copy of the government's proposed jury charge to counsel for the defendant. We conferenced regarding the government's proposed jury instructions and defendant objections and requests to the proposed instructions, identifying areas of disagreement that could not be resolved.

*/s/ Mark McDonald*
Mark McDonald
Assistant United States Attorney

## Certificate of Service

I certify that on October 28, 2026, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who, presumably, have consented in writing to accepting notice of service by electronic means.

*/s/ Mark McDonald*
Mark McDonald
Assistant United States Attorney

<u>General and Preliminary Instructions</u>


| | |
|---|---|
| Jury Instruction No. 1 | Preliminary Instructions |
| Jury Instruction No. 2 | Note Taking by Jurors – Alternate B |
| Jury Instruction No. 3 | Introduction to Final Instructions |
| Jury Instruction No. 4 | Duty to Follow Instructions |
| Jury Instruction No. 5 | Presumption of Innocence, Burden of Proof, Reasonable Doubt |
| Jury Instruction No. 6 | Evidence—Excluding What Is Not Evidence |
| Jury Instruction No. 7 | Evidence—Inferences—Direct and Circumstantial – Alternate B |
| Jury Instruction No. 8 | Summaries and Charts Not Received in Evidence |
| Jury Instruction No. 9 | Summaries and Charts Received in Evidence Pursuant to Fed. R. Evid. 1006 |
| Jury Instruction No. 10 | Summary Witness Testimony and Charts Based on Other Evidence |
| Jury Instruction No. 11 | Cautionary Instruction During Trial – Transcript of Tape-Recorded Conversation |
| Jury Instruction No. 12 | Credibility of Witnesses |
| Jury Instruction No. 13 | Character Evidence |
| Jury Instruction No. 14 | Impeachment by Prior Inconsistencies |
| Jury Instruction No. 15 | Impeachment by Prior Conviction |
| Jury Instruction No. 16 | Accomplice—Informer—Immunity |
| ***Jury Instruction No. 16A*** | ***Accomplice—Co-Defendant—Plea Agreement [defense request]*** |
| Jury Instruction No. 17 | Expert Witness Testimony |
| Jury Instruction No. 18 | Caution-Consider Only Crime Charged |
| Jury Instruction No. 19 | Caution-Punishment |
| Jury Instruction No. 20 | Multiple Defendants – Multiple Counts |
| Jury Instruction No. 21 | Confession – Statement Voluntariness |
| Jury Instruction No. 22 | On or about |
| Jury Instruction No. 23 | Materiality |
| Jury Instruction No. 24 | “Knowingly” |
| ***Jury Instruction No. 25*** | ***Good Faith [defense request]*** |

| | |
|---|---|
| Jury Instruction No. 26 | Interstate Commerce |
| Jury Instruction No. 27 | Foreign Commerce |


Specific Instructions


| | |
|---|---|
| Jury Instruction No. 28 | Count One and Fourteen - Conspiracy to Commit Offense – 18 U.S.C. § 1349 |
| Jury Instruction No. 29 | Counts Two through Eleven, Counts Fifteen, and Sixteen– Wire Fraud - 18 U.S.C. § 1343 |
| Jury Instruction No. 30 | Venue – Conspiracy |
| Jury Instruction No. 31 | Counts Twelve, Thirteen, Seventeen, and Eighteen - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity – 18 U.S.C. § 1957 |
| Jury Instruction No. 32 | Duty to Deliberate |


Verdict Form

**PROPOSED JURY INSTRUCTION NO. 1**

1.01 - PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

Duty of the jury:

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Evidence:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendants are presumed innocent until proven guilty. The indictment brought by the government against the defendants is only an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

***[Defendant objects and requests the following change, over Government objection:***

***… the defendants are presumed innocent unless proven guilty…]***

*Second*: the burden of proof is on the government until the very end of the case. The defendants have no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendants may not have testified.

*Third*: the government must prove the defendants' guilt beyond a reasonable doubt. ***[Defendant objects to "beyond a reasonable doubt" and request the following change, over Government objection… to "beyond ANY reasonable doubt" for all uses of this term below]***. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

<u>Summary of applicable law:</u>

In this case the defendants are charged with the following offenses: (1) two counts of conspiracy to commit wire fraud; (2) twelve counts of wire fraud; (3); and four counts of engaging in monetary transactions in property derived from specified unlawful activity. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow

the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

Counts One and Fourteen – Conspiracy to Commit Wire Fraud

Title 18 United States Code, Section 1349 makes it a crime for two or more persons to conspire to commit wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

To prove each defendant guilty of the crime of conspiracy to commit wire fraud, the government must prove each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of wire fraud, as charged in the indictment; and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the

scheme. Likewise, the government need not prove that all the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with the knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of the conspiracy, does not thereby become a conspirator.

Counts Two through Eleven, Fifteen, and Sixteen – Wire Fraud

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find each defendant guilty of the crime of wire fraud, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, that is, as to Counts Two through Eleven, a scheme, by and through the entity Agridime, to defraud individual cattle purchasers of their money and property, and, as to Counts Fifteen and Sixteen, a scheme to defraud Agridime, along with its owners, of their money and property, as alleged in the indictment;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme. ***[Defendant objects and requests the following change, over Government objection :***

***A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property from the person deceived, by means of false or fraudulent pretenses, representations, or promises. [1]]***

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

---

[1] *Using "or bring about some financial gain" phrasing could permit conviction without finding that the object of the scheme was the victim's money or property. Ciminelli v. United States, 598 U.S. 306 (2023); Kelly v. United States, 590 U.S. 391 (2020); Kousisis v. United States, 145 S. Ct. 1382 (2025).*

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

Counts Twelve, Thirteen, Seventeen and Eighteen – Engaging in Monetary Transactions
<u>In Property Derived from Specified Unlawful Activity</u>

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity. ***[Defendant objects and requests the following change, government notes this language does not track the pattern instruction:***

***…. derived from specified unlawful activity.]***

For you to find each defendant guilty of this crime Engaging in Monetary Transactions In Property Derived from Specified Unlawful Activity, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly engaged in a monetary transaction;

*Second*: That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity, that is wire fraud;

*Fifth*: That the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place within the United States.

With respect to the fourth element, the government must show that, in fact, the property was the proceeds of wire fraud, which is a specified unlawful activity under the statute.

The term “criminally derived property” means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the criminally derived property was derived constituted “specific unlawful activity” as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

<u>Conduct of the jury:</u>

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any

conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat

or Twitter, or through any blog or website, including Facebook, Google, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Course of the trial:

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for each defendant may cross-examine them. Following the government's case, each defendant may, if he wishes, present witnesses whom the government may cross-examine. If each defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**PROPOSED JURY INSTRUCTION NO. 2**

1.02 - NOTE TAKING BY JURORS – ALTERNATIVE B[2]

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

---

[2] **The government's requested instruction.**

**PROPOSED JURY INSTRUCTION NO. 3**

1.03 - INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

**PROPOSED JURY INSTRUCTION NO. 4**

1.04 - DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**PROPOSED JURY INSTRUCTION NO. 5**

1.05 - PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against each defendant is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The defendants begin with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].[3]

The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[3] If applicable.

**PROPOSED JURY INSTRUCTION NO. 6**

1.06 - EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to

you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## PROPOSED JURY INSTRUCTION NO. 7

1.08 - EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL (ALTERNATIVE B)

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of each defendant beyond a reasonable doubt before you can find him guilty.

## PROPOSED JURY INSTRUCTION NO. 8

[1.51 – SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.] [4]

[4] If applicable.

**PROPOSED JURY INSTRUCTION NO. 9**

[1.52 - SUMMARIES AND CHARTS RECEIVED IN EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.] [5]

---

[5] If applicable.

**PROPOSED JURY INSTRUCTION NO. 10**

1.53 - SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

**PROPOSED JURY INSTRUCTION NO. 11**

1.49 – CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF TAPE-RECORDED CONVERSATION

Exhibit _____ has been identified as a typewritten transcript of the oral conversation which can be heard on the recording received in evidence as Exhibit ____. The transcript also purports to identify some of the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

**PROPOSED JURY INSTRUCTION NO. 12**

1.09 - CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or “believability” of each witness and the weight to be given to the witness’s testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness’s testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of each defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.][6]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

[6] If applicable.

**PROPOSED JURY INSTRUCTION NO. 13**

1.10 - CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

**PROPOSED JURY INSTRUCTION NO. 14**

[1.11 - IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or has failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.][7]

---

[7] If applicable.

**PROPOSED JURY INSTRUCTION NO. 15**

[1.13 - IMPEACHMENT BY PRIOR CONVICTION
(WITNESS OTHER THAN DEFENDANT)

You have been told that the witness, __________ (name witness), was convicted in __________ (name jurisdiction and date) of __________ (name offense, e.g., armed robbery). A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.][8]

[8] If applicable.

***PROPOSED JURY INSTRUCTION NO. 16A***

## ***ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT [DEFENSE REQUEST]***[9]

***Certain witnesses who testified for the government have pleaded guilty and entered into plea agreements with the government. Their testimony must be received with caution and weighed with great care. The fact that an accomplice has pleaded guilty is not evidence of the guilt of any other person.***

[9] Fifth Circuit Pattern Jury Instruction 1.16 (2024 ed.), abbreviated. Three government witnesses have pleaded guilty, and Proposed Instruction No. 28 names Jed Wood, Tia Link, and Taylor Bang as alleged co-conspirators (Indictment ¶ 12). See *United States v. King*, 505 F.2d 602 (5th Cir. 1974) (co-defendant's plea is not substantive evidence of guilt).

**PROPOSED JURY INSTRUCTION NO. 16**

[1.15 - ACCOMPLICE—INFORMER—IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution.

You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.][10]

---

[10] If applicable.

**PROPOSED JURY INSTRUCTION NO. 17**

1.18 - EXPERT WITNESS TESTIMONY[11]

During the trial you heard the testimony of _____________ (*name of expert*) who expressed opinions concerning ________________ (*subject matter*). If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case

[11] If applicable.

**PROPOSED JURY INSTRUCTION NO. 18**

1.21 - CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**PROPOSED JURY INSTRUCTION NO. 19**

1.22 - CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**PROPOSED JURY INSTRUCTION NO. 20**

1.25 - MULTIPLE DEFENDANTs—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

**PROPOSED JURY INSTRUCTION NO. 21**

1.28 CONFESSION – STATEMENT VOLUNTARINESS (MULTIPLE DEFENDANTS)

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his [her] treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**PROPOSED JURY INSTRUCTION NO. 22**

1.19 - ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that each defendant committed the crime on a date reasonably near the dates stated in each count of the indictment.

**PROPOSED JURY INSTRUCTION NO. 23**

1.40 – MATERIALITY

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

The government can prove materiality in either of two ways.

*First*, a representation, statement, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.

*Second*, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that the naiveté, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

**PROPOSED JURY INSTRUCTION NO. 24**

1.41 - "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

***PROPOSED JURY INSTRUCTION NO. 25***

## ***GOOD FAITH***[12]

***One of the issues in this case is whether each defendant acted in good faith. Good faith is a complete defense to the crime of wire fraud if a defendant did not act with the intent to defraud, which is an element of the charge. The essence of the good faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent. The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant held a certain opinion or belief, a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises or otherwise acted with the intent to defraud or deceive another.***

---

[12] **Defense Request. The defense requests the Good Faith instruction based upon *United States v. Hockridge*, 4:24-CR-0287-O (N.D. Tex. 2025). *Hockridge* involved charges of wire fraud and conspiracy to commit wire fraud. Chief Judge O'Connor utilized the proposed instruction verbatim based on the defense's theory that Ms. Hockridge lacked the specific intent to defraud based on her good faith belief that she was not committing a crime during the time frame in question.**

**<u>Government Response</u>: The government opposes this request as it is not required by the 2024 Fifth Circuit Pattern Jury Instructions in proving any of the charged counts.**

**PROPOSED JURY INSTRUCTION NO. 26**

1.44 - INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

**PROPOSED JURY INSTRUCTION NO. 27**

1.45—FOREIGN COMMERCE—DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

**PROPOSED JURY INSTRUCTION NO. 28**

2.15A – COUNTS ONE AND FOURTEEN – CONSPIRACY TO COMMIT OFFENSE – 18 U.S.C. § 1349[13]

Title 18, United States Code, Section 1349, makes it a crime for two or more persons to conspire to commit wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find each defendant guilty of the crime of Conspiracy to Commit Wire Fraud you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of wire fraud, as charged in the indictment; and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

For Count One, charging defendants Joshua Link and Royana Thomas, the government alleges a wire fraud conspiracy whose object was for defendants Joshua Link, Royana Thomas, and Jed Wood, Tia Link, Taylor Bang, and others, by and through the entity, Agridime, to defraud individual cattle purchasers, cattle producers

[13] Modified to remove overt act requirement.

("ranchers"), and feedlots of their money and property and for defendants to enrich themselves through Agridime. To that end, the government alleges the defendants:

a. Executed cattle contracts with individual cattle purchasers that falsely represented to cattle purchasers that Agridime would use their funds to: purchase specific individual cattle; care for the cattle; process the cattle into meat; and sell the meat from the same specific individual cattle. The government further alleges that the defendants intended to use and did use those funds to pay Agridime operating expenses, Agridime loan payments, and funds owed by Agridime to earlier cattle purchasers pursuant to their cattle contracts;

b. Provided fraudulent financial and accounting information, with overstated valuation of Agridime's meat inventory, to solicit cattle purchases, and secure loans from financial institutions, private lenders, and feedlots;

c. Fraudulently overstated the amount of cattle owned by Agridime to secure loans or financing from financial institutions, private lenders, and feedlots;

d. Disbursed funds paid by cattle purchasers to, among other things, pay themselves excessive salaries and to pay commissions to cattle brokers; and

e. Diverted Agridime funds to pay their own personal expenses.

***[Defendant requests insertion of the paragraph below here, the Government does not object:***

***To find a defendant guilty of Count One, you must find that the object of the agreement was to defraud cattle purchasers, cattle producers, or feedlots of their money or property, as alleged in the indictment. An agreement only to obtain loans or financing from financial institutions or private lenders is not sufficient.[14]]***

For Count Fourteen, charging defendants Joshua Link and Jason Link, the government alleges a wire fraud conspiracy whose object was for defendants Joshua Link, Jason Link, and others, to defraud Agridime, along with its owners, and the Agridime Receiver, of its money and property and for defendants to enrich themselves. To that end, the government alleges the defendants Jason Link and Joshua Link:

a. Caused Agridime to wire money to the Shady Brook Ranch operating account, that was solely controlled by defendant Jason Link, as payment for purported "feed and care" or "feed and yardage" service provided to Agridime-controlled cattle located on Shady Brook Ranch property. The government further alleges that the defendants knew: feed services for cattle were actually provided by Entity C to the relevant Agridime-controlled cattle located on Shady Brook Ranch, thus causing Agridime to pay twice for the same service (i.e., Agridime paid both Entity C and Shady Brook Ranch for the same feed services during the relevant time period); no lease existed

---

[14] The object of the Count One conspiracy alleged in the indictment is to defraud "individual cattle purchasers, cattle producers ('ranchers'), and feedlots." Indictment ¶ 13. Means (b) and (c) refer to obtaining loans from "financial institutions, private lenders, and feedlots," but financial institutions and private lenders are not named victims, and the only specific lender allegations describe repayment of a private lender with purchaser funds. SSI ¶¶ 23–24. Without this sentence the jury could convict on an object not charged.

between Agridime and Shady Brook Ranch for the use of Shady Brook Ranch land by Agridime-controlled cattle; and no money was owed by Agridime to Shady Brook Ranch for the "care" of Agridime-controlled cattle.

b. Intended to use and did use the funds paid by Agridime to Shady Brook Ranch for purported "feed and care" or "feed and yardage" service of Agridime-controlled cattle to actually pay for defendant Jason Link personal expenses and to pay for construction of a luxury residence on the Shady Brook Ranch property for the recreational use of defendants Jason Link and Joshua Link.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether each defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that the defendant was not a member of the conspiracy charged in the indictment, then you must find the defendant not guilty, even though that defendant may have been a member of some other conspiracy. [15]

[15] This paragraph is from the Fifth Circuit Pattern Jury Instruction 2.16 – Multiple Conspiracies (2024 ed).

**PROPOSED JURY INSTRUCTION NO. 29**

2.57 – COUNTS TWO TO ELEVEN, FIFTEEN AND SIXTEEN– WIRE FRAUD – 18 U.S.C. § 1343

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire communications in carrying out a scheme to defraud.

For you to find each defendant guilty of the crime of Wire Fraud as alleged in Count Two to Eleven, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, by and through the entity, Agridime, to defraud individual cattle purchasers of their money and property, as alleged in the indictment;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

For you to find each defendant guilty of the crime of Wire Fraud as alleged in Count Fifteen to Sixteen, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud Agridime, along with its owners, and the Agridime Receiver ***[Defendant objects to the language and asks removal of the word "the Agridime Receiver, Government does not agree]*** of their money and property, as alleged in the indictment;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

***[Defendant objects and requests, insertion of the following language over Government objection :***

***A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property from the person deceived, by means of false or fraudulent pretenses, representations, or promises.*** [16]***]***

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or

---

[16] *Using "or bring about some financial gain" phrasing could permit conviction without finding that the object of the scheme was the victim's money or property. Ciminelli v. United States, 598 U.S. 306 (2023); Kelly v. United States, 590 U.S. 391 (2020); Kousisis v. United States, 145 S. Ct. 1382 (2025).*

foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

**PROPOSED JURY INSTRUCTION NO. 30**

1.20 VENUE – CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Fort Worth is located in the Northern District of Texas.

**PROPOSED JURY INSTRUCTION NO. 31**

2.77 – COUNTS TWELVE, THIRTEEN, SEVENTEEN, AND EIGHTEEN - ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity. ***[Defendant objects and requests the following change, government notes this language does not track the pattern instruction:***

***…. derived from specified unlawful activity.]***

For you to find the defendant guilty of the crime of Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly engaged in a monetary transaction;

*Second*: That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity, that is wire fraud;

*Fifth*: That the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the criminally derived property was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

**PROPOSED JURY INSTRUCTION NO. 32**

1.26 - DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved each defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

(*Explain verdict form.*)

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | No. 4:26-CR-00051-P |
| JOSHUA ROBERT LINK | (02) | |
| ROYANA JANE THOMAS | (05) | |
| JASON ALLEN LINK | (06) | |

**VERDICT OF THE JURY**

**COUNT ONE- CONSPIRACY TO COMMIT WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count One of the indictment, charging conspiracy to commit wire fraud.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count One of the indictment, charging conspiracy to commit wire fraud.

**COUNT TWO – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Two of the indictment, charging wire fraud regarding Contract No. 7002 and Cattle Purchaser BarryEllis or Ellis&Company, Inc.

**COUNT THREE – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Three of the indictment, charging wire fraud regarding Contract No. 7710 and Cattle Purchasers William & Pamela Jorgenson.

**COUNT FOUR – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Four of the indictment, charging wire fraud regarding Contract No. 7734 and Cattle Purchaser Chad Ystaas or CY Ranch.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Four of the indictment, charging wire fraud regarding Contract No. 7734 and Cattle Purchaser Chad Ystaas or CY Ranch.

**COUNT FIVE – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Five of the indictment, charging wire fraud regarding Contract No. 37850 and Cattle Purchaser Anthony Thomas.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Five of the indictment, charging wire fraud regarding Contract No. 37850 and Cattle Purchaser Anthony Thomas.

**COUNT SIX – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Six of the indictment, charging wire fraud regarding Contract No. 37867 and Cattle Purchaser Robert Landingham.

**COUNT SEVEN – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Seven of the indictment, charging wire fraud regarding Contract No. 37999 and Cattle Purchaser Diavas Kempf.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Seven of the indictment, charging wire fraud regarding Contract No. 37999 and Cattle Purchaser Diavas Kempf.

**COUNT EIGHT – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Eight of the indictment, charging wire fraud regarding Contract No. 37971 and Cattle Purchaser Carol McCoy.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Eight of the indictment, charging wire fraud regarding Contract No. 37971 and Cattle Purchaser Carol McCoy.

**COUNT NINE – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Nine of the indictment, charging wire fraud regarding Contract No. 38321 and Cattle Purchaser Chad Ystaas or CY Ranch.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Nine of the indictment, charging wire fraud regarding Contract No. 38321 and Cattle Purchaser Chad Ystaas or CY Ranch.

**COUNT TEN – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Ten of the indictment, charging wire fraud regarding Contract Nos. 38477 and 38518 and Cattle Purchaser Kim Williamson.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Ten of the indictment, charging wire fraud regarding Contract Nos. 38477 and 38518 and Cattle Purchaser Kim Williamson.

**COUNT ELEVEN – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Eleven of the indictment, charging wire fraud regarding Contract No. 38702 and Cattle Purchaser William & Pamela Jorgenson.

**COUNT TWELVE – ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Twelve of the indictment, charging engaging in monetary transactions in property derived from specified unlawful activity regarding the wire transfer of approximately $527,859.50 from Arvest Bank account no. x0525.

**COUNT THIRTEEN – ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Thirteen of the indictment, charging engaging in monetary transactions in property

derived from specified unlawful activity regarding the wire transfer of approximately $240,000 from Dakota Community Bank & Trust account no. x9963.

We, the jury, find the Defendant Royana Jane Thomas ________________________ as to Count Thirteen of the indictment, charging engaging in monetary transactions in property derived from specified unlawful activity regarding the wire transfer of approximately $240,000 from Dakota Community Bank & Trust account no. x9963.

**<u>COUNT FOURTEEN – CONSPIRACY TO COMMIT WIRE FRAUD</u>**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Fourteen of the indictment, charging conspiracy to commit wire fraud.

We, the jury, find the Defendant Jason Allen Link ________________________ as to Count Fourteen of the indictment, charging conspiracy to commit wire fraud.

**<u>COUNT FIFTEEN – WIRE FRAUD</u>**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Fifteen of the indictment, charging wire fraud regarding the wire transmission of $72,000 on approximately February 18, 2022.

We, the jury, find the Defendant Jason Allen Link ________________________ as to Count Fifteen of the indictment, charging wire fraud regarding the wire transmission of $72,000 on approximately February 18, 2022.

**COUNT SIXTEEN – WIRE FRAUD**

We, the jury, find the Defendant Joshua Robert Link ________________________ as to Count Sixteen of the indictment, charging wire fraud regarding the wire transmission of $123,000 on approximately September 27, 2023.

We, the jury, find the Defendant Jason Allen Link ________________________ as to Count Sixteen of the indictment, charging wire fraud regarding the wire transmission of $123,000 on approximately September 27, 2023.

**COUNT SEVENTEEN – ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

We, the jury, find the Defendant Jason Allen Link ________________________ as to Count Seventeen of the indictment, charging engaging in monetary transactions in property derived from specified unlawful activity regarding the negotiation of Check No. 2089 for the amount of approximately $16,000.

**COUNT EIGHTEEN – ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

We, the jury, find the Defendant Jason Allen Link ________________________ as to Count Eighteen of the indictment, charging engaging in monetary transactions in property

derived from specified unlawful activity regarding the negotiation of Check No. 2092 for the amount of approximately $30,507.06.

Presiding Juror: ______________________________

Date: ______________________________